UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:08-CV-00137 CEJ |
| | ) | |
| | ) | |
| ROGER WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiffs Monsanto Co. and Monsanto Technology, LLC for expedited discovery and entry of a protective order. Defendant has not filed an answer or responded to the instant motion, and on March 6, 2008, the Clerk of Court entered default against him.

**I. Background**

Plaintiffs bring this action for patent infringement, pursuant to 35 U.S.C. § 271, and assert state law claims for conversion, unjust enrichment, and breach of contract. Plaintiffs are the holders of U.S. Patent Nos. 5,352,605 and US RE39,247 E, which cover technology marketed as Roundup Ready® crop seed that is resistant to the herbicide Roundup®. Plaintiffs state that defendant entered into a licensing agreement with them which granted him the right to plant Roundup Ready® crop seed for the 2005 growing season. Plaintiffs assert that the license agreement prohibits the licensee from retaining, replanting, and transferring seed from the original batch, as well as seed produced from that

batch. They allege that in 2007, the defendant planted soybean seed produced from Roundup Ready® seed that was planted in 2006 or earlier. Plaintiffs contend that the defendant sprayed fields with chemicals but made no effort to divert the spray away from newly germinated soybean plants, a practice they claim is consistent with the use of Roundup Ready® seed.

Plaintiffs seek to conduct expedited discovery to minimize the risk of loss or destruction of the seed and crop residue that constitutes the physical evidence of infringement. Plaintiffs maintain that this evidence could be destroyed intentionally, by tillage of fields, transfer to others, or intentional destruction; or unintentionally, by weather and seed degradation. They seek an order allowing them to obtain Farm Service Agency (FSA) records that identify defendant's fields and possible seed locations, as well as permission to enter upon the defendant's land to collect samples. Finally, plaintiffs request a protective order prohibiting defendant from destroying evidence.

The plaintiffs state that they asked defendant to provide FSA inspection records, agricultural purchase records, and crop production sales records, but he did not do so. After filing this action, plaintiffs again sought the information and defendant did not respond to the requests.

**II. Discussion**

Rule 26(d)(1), Fed. R. Civ. P., provides that a party may not seek discovery from any source before the parties have met and conferred as required by Rule 26(f), Fed. R. Civ. P. The rule is

2

subject to limited exceptions, including a court order permitting discovery. Because of defendant's default, the parties have not met and conferred, and the plaintiffs make the motion for expedited discovery *ex parte*.[1]

Plaintiffs have also requested that the Court conduct a hearing on their motion for expedited discovery and a protective order. The Court finds that it is not required to hold a hearing when the defendant is in default and the plaintiffs have thoroughly briefed the relevant issues.

Courts use one of two standards to determine whether a party is entitled to conduct expedited discovery. Some courts apply a "good cause" or "reasonableness" standard, while others analyze a set of factors similar to those for obtaining a preliminary injunction. See Special Situations Cayman Fund, L.P. v. Dot Com Entertainment Group, Inc., 2003 WL 23350128 at *1, n. 7 (W.D.N.Y. 2003) (slip op.). The Court of Appeals for the Eighth Circuit has not adopted either standard.

Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to responding party. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); Qwest Comm. Int'l, Inc. v.

---

[1] Plaintiffs state that the motion for expedited discovery and a protective order was delivered to defendant, and the record shows that service of the complaint was achieved on January 30, 2008. Defendant has not responded, despite having notice and an opportunity to be heard.

WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001). Cf. Merrill Lynch, Pierce, Fenner & Smith v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000) ("[W]here a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request . . . on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.").

The Court believes that the "good cause" standard is the appropriate standard in this case. Plaintiffs have made reasonable attempts to gather the relevant evidence with defendant's cooperation and have narrowly tailored their request for expedited discovery to a limited set of documents and physical samples. See Philadelphia Newspapers, Inc. v. Gannett Satellit Info. Network, Inc., 1998 WL 404820 (E.D. Pa. 1998) (slip op.), citing Irish Lesbian & Gay Org. v. Giuliani, 918 F.Supp. 728, 730-31 (S.D.N.Y. 1996) ("[C]ourts generally deny motions for expedited discovery when the movant's discovery requests are overly broad.").

Additionally, plaintiffs allege that as time passes, the likelihood of discovering evidence relevant to their claims will decrease, due to intentional destruction or transfer of evidence by the defendant, farming operations, or unintentional factors such as weather and seed deterioration. Other courts have recognized that expedited discovery is appropriate in such cases. The case of Pod-Ners, L.L.C. v. Northern Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675 (D. Colo. 2002) was an action for infringement of a

4

certificate of protection issued by the United States Department of Agriculture under the Plant Variety Protection Act. The Pod-Ners court granted a motion for expedited discovery because "the beans at issue are commodities and subject to sale, resale, and consumption or use with the passage of time." Id. at 676. In The Antioch Co. v. Scrapbook Borders, Inc., 210 F.R.D. 645 (D. Minn. 2002), the court allowed expedited discovery in part because the information sought was stored on computer hard drives that were continuously overwritten in the normal course of business, making it likely that the information would be lost through normal use of the computers. In both cases, as in the instant action, the passage of time alone could make it impossible to collect relevant evidence. The Court thus finds that the plaintiffs have shown good cause for conducting expedited discovery.

Even under the preliminary injunction-style analysis, the Court believes that the plaintiffs would be entitled to expedited discovery. The factors relevant to that inquiry are: "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury [that] will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." Cecere v. County of Nassau, 258 F.Supp.2d 184, 186 (E.D.N.Y. 2003). See also Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). Here, the plaintiffs have shown the potential for spoliation of evidence and resulting prejudice to plaintiffs and

5

the connection between that prejudice and the discovery sought. The loss of this evidence would result in irreparable injury to plaintiffs' claims. The prejudice to the defendant if plaintiffs are permitted to inspect agricultural records and take crop samples is minimal, and in any case, defendant is in default and consequently has not asserted any prejudice. The plaintiffs did not brief the issue of the probability of success on the merits, but such a showing would depend largely on the results of the limited discovery they seek.

Rule 26(c)(1)(B), Fed. R. Civ. P., provides that the Court may enter a protective order requested by any party or person from whom discovery is sought "specifying terms, including time and place, for the disclosure or discovery." The Court will enter a protective order to discourage the loss of physical evidence.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for expedited discovery and a protective order [# 4] is **granted.** A protective order in accordance with this memorandum and order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of March, 2008.